UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. SALANDER,                          Case No. 11-15704

        Plaintiff,                          Victoria A. Roberts
v.                                            United States District Judge

COMMISSIONER OF SOCIAL SECURITY,              Michael Hluchaniuk
                                              United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 13)**

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On December 30, 2011, plaintiff filed the instant suit seeking judicial
review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).
Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge
Victoria A. Roberts referred this matter to the undersigned for the purpose of
reviewing the Commissioner's decision denying plaintiff's claim for disability
insurance and supplemental security income benefits.  (Dkt. 3).  This matter is
before the Court on cross-motions for summary judgment.  (Dkt. 11, 13).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on October 23, 2007, alleging that he

became unable to work on October 5, 2005.  (Dkt. 9-2, Pg ID 63).  The claim was initially disapproved by the Commissioner on January 30, 2008.  (Dkt. 9-2, Pg ID 63).  Plaintiff requested a hearing and on June 10, 2010, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Lawrence E. Blatnik, who considered the case *de novo*.  In a decision dated August 27, 2010, the ALJ found that plaintiff was not disabled.  (Dkt. 9-2, Pg ID 63-74).  Plaintiff requested a review of this decision on September 23, 2010.  (Dkt. 9-2, Pg ID 58).  The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits,[1] the Appeals Council, on May 24, 2011, denied plaintiff's request for review.  (Dkt. 9-2, Pg ID 52-54); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1]   In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.    FACTUAL BACKGROUND

Plaintiff was 49 years of age at the time of the most recent administrative hearing.  (Dkt. 9-2, Pg ID 88).  Plaintiff's has past relevant work history as a truck driver.  (Dkt. 9-2, Pg ID 49).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since October 5, 2005, the alleged onset date.  (Dkt. 9-2, Pg ID 44).  At step two, the ALJ found that plaintiff had the following severe impairments:  mild coronary artery disease; angina; degenerative disc disease of the cervical and lumbar spine, status post cervical laminectomy/fusion (February 2009); chronic obstructive pulmonary disease (COPD); and tobacco addiction. Beginning on October 12, 2009, the ALJ found that plaintiff has the following severe impairments: severe coronary artery disease, status post bypass surgery; angina; degenerative disc disease of the cervical and lumbar spine; status post cervical laminectomy/ fusion (February 2009); COPD; and tobacco addiction. (Dkt. 9-2, Pg ID 65).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations prior to October 12, 2009, but was disabled as of that date.  (Dkt. 9-2, Pg ID 45). At step four, the ALJ found plaintiff unable to perform any past relevant work since October 5, 2005, and prior to October 12, 2009, transferability of job skills was not material to the determination of disability because using the Medical -

Vocational Rules as a framework supported a finding that plaintiff was "not disabled" whether or not he had transferable job skills.  (Dkt. 9-2, Pg ID 72).

However, the ALJ concluded that, beginning on October 12, 2009, plaintiff was not able to transfer job skills to other occupations.  At step five, the ALJ concluded that, prior to October 12, 2009, considering plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.  (Dkt. 9-2, Pg ID 72).  Further, the ALJ concluded that, beginning on October 12, 2009, considering plaintiff's age, education, work experience, and residual functional capacity, there were no jobs that exist in significant numbers in the national economy that plaintiff could perform.  (Dkt. 9-2, Pg ID 73).

## III.   ANALYSIS AND CONCLUSIONS

Plaintiff's motion for summary judgment is a single paragraph in which he fails to address any of the merits of the decision below.  He also says that he was not able to access the administrative transcript on the CD provided to him by the government.  (Dkt. 11).  A paper copy of the transcript was provided to plaintiff by the government via first class mail on March 15, 2012.  (Dkt. 16).  Instead of filing an amended motion for summary judgment, or filing a reply to the Commissioner's motion for summary judgment, plaintiff filed a motion for a jury trial, which was denied.  (Dkt. 14, 15).  Plaintiff has simply offered no substantive

basis for the Court to find error with the ALJ's decision below.

It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). And, the court is not obligated to make plaintiff's case for them or to "wade through and search the entire record" for some specific facts that might support [her] motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). In this case, plaintiff has made no effort whatsoever to even point the Court in the direction of any potential errors below. Moreover, the Court has carefully reviewed the record, the ALJ's decision, and the motion for summary judgment filed by the Commissioner and concludes that the ALJ's decision regarding the onset date of plaintiff's disability is supported by substantial evidence in the record.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 5, 2013                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>February 5, 2013</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Susan K. DeClercq , AUSA, and the Commissioner of Social Security</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>William J. Salander, 3540 Haviland Street, Lennon, MI 48449</u>.

                                          s/Darlene Chubb
                                          Judicial Assistant
                                          (810) 341-7850
                                          darlene_chubb@mied.uscourts.gov